Howerr, J.
This suit was instituted on a promissory notó signed by Bloom, Kahn & Co., a firm composed' of S.. Bloom, S. Kahn, S. Auber and A. Levi, and being dissolved at the date of the suit, the defendants severed in the defence.' Ac the trial, A. Levi only, was represented by counsel, and the following'judgment was rendered: “It is ordered, adjudged and decreed, that the plaintiffs, Conversa, Harding & Co., re *556 cover of the defendants, Bloom, Kahn & Go., and S. Bloom, S. Auber, Samuel Kahn and A. Levi insólido, the sum of seven hundred and three dollars, and seventy-seven cents, with legal interest from the 5th of April, 1861, till paid, and costs of suit.
“Rendered January 21st., 1867. Signed February 5th, 1867, as to defendant, A. Levi, the other defendants, being allowed a new trial.
(Signed) “E. T. Feuoowes, Judge.”
On the 23d of January, before the lapse of three judicial days, counsel for the other three defendants filed a motion for a new trial, when immediately, and without said motion being fixed for a hearing, the following order was made : “ On motion of E. W. Huntington, of counsel, for Bloom, Kahn and Auber, and on filing his application and grounds for a new trial, the Judge, ex officio, ordered that a new trial be granted in this case, and that the same be put on the issue docket to be called and fixed regularly. ”
Subsequently, a fieri facias was issued against A. Levi, when all the defendants joined in a rule to quash the writ, on the grounds that a new trial had been granted in the case, and there was no judgment on which execution could issue. From a judgment dismissing this rule, and from the judgment sought to be executed, A. Levi prosecutes this appeal.
He contends that the order granting a new trial, being in general terms, and ex officio, opened the case as to all the defendants and the rule, not being excepted to, should have been made absolute, to which we must give our assent. ' -
Article 547, C. P., authorizes courts, ex officio, to grant new trials in order to revise their judgments, and Article 563 directs that when a new trial is granted, the cause shall again be set down on the docket. These provisions of the law seem to have been acted on in this instance. The Judge did not restrict his order to the parties, who filed a motion, but exercising the authority given him in 'the last clause of the Article 547, and without hearing the parties to the rule contradictorily, ordered, ex officio, “ that a new trial be granted in this case and that ike same be put on the issue docket to be called and tried regularly. ” It was the action of the court, out of the regular mode of disposing of rules for new trials, and the Judge, not having limited his action by the terms of his order, must be considered as having set asidti the judgment which he had rendered, with a view to hear the whole case anew. His decree, rather than the incentive thereto, must control.
We are of opinion that the ex officio order, not being restricted in its terms to the parties who filed a motion for a new trial, must, under the circumstances, be held to have opened the case as to all the parties, and that the subsequent signing of the judgment as to one of the defendants was without effect, and consequently the execution issued improperly.
It is therefore ordered, that the judgment rendered on the 28th of March, 1867, on the rule taken by the defendants be reversed, and that said rule be made absolute, and the fieri facias issued on the judgment rendered on the 21st of January, 1867, against A. L- vi, be quashed and that this cause be remanded to be proceeded in according to law, on the new trial granted on the 23d of January, 1867. Costs of said rule and those on appeal, to be paid by plaintiffs.